(No. 22408.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS BUTMAN *et al.* Plaintiffs in Error.

*Opinion filed October 19, 1934.*

FRANK A. MCDONNELL, and S. B. MCDONNELL, JR., (ELWYN E. LONG, of counsel,) for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiffs in error were convicted of grand larceny in the criminal court of Cook county and seek a review of that judgment by this writ of error. They are alleged to have stolen one automobile wheel, tire and tube, of the total value of $17.50. It is urged in their behalf that there is no competent evidence in the record sufficient to establish the value of this property at any sum above $15.

The first witness on this point was the owner of the car, who said that he purchased the property on April 1, 1931, and that the wheel, tire and tube were stolen in October of 1933. He testified that he thought the property was worth about $17.50. It developed, however, on cross-examination, that he had no knowledge on the subject except what he had obtained by going to some dealers and inquiring as to what it would cost to replace the same property by buying a new wheel, tire and tube. His testimony was thereupon stricken out. The only other evidence on the point was that of a police officer, who testified that in addition to being a policeman he was "automobile man at that station," but gave no further indication as to what he meant by his additional occupation. He said that he was acquainted with the value of automobile tires and accessories, and was thereupon asked the following questions and gave the following answers: "Do you know what the reasonable and fair value of those parts is, of that character?" to which he answered, "I believe so." "And now, what would you say the fair and reasonable

value of an automobile wheel or tire and hub and inner tube would be on October 11, the date of the ———?" and he answered, "About $17.50." There is no further proof of any kind as to the value of the property in question, and it will be noted that the testimony of the police officer was not connected up with the property alleged to have been stolen in this case, nor was it shown that he had ever seen or had any knowledge of the particular wheel, tire and tube that were lost, as they were never recovered.

In those types of larceny where the value of the property is material it must be alleged and proved. (*People* v. *Jackson,* 312 Ill. 611; *People* v. *Crane,* 356 id. 276.) The proof must show the fair cash market value at the time and place of the theft, and the witness who testifies to it must have a sufficient knowledge of the property and of values to give a reasonable statement thereof. (*People* v. *Turpin,* 233 Ill. 452.) The police officer who testified in this case did not say he had ever bought or sold a wheel assembly such as was here in question, or that he had any means of knowing its value other than that he was "automobile man at that station." If this wheel, tire and tube were replaceable with new merchandise at a total cost of $17.50, it is highly improbable that their second-hand value at an age of thirty months would be that much.

This conviction of grand larceny rather than of petit larceny, with all the grave consequences following upon such a distinction, depends upon a possible variation of the small sum of $2.50 in the value of the property stolen. Upon this point, as upon all others, the plaintiffs in error were entitled to insist that the proof be made only by competent and qualified witnesses. There is in the record no competent evidence as to the value of the property stolen.

The judgment of the criminal court of Cook county is reversed and the cause remanded to that court for a new trial. *Reversed and remanded.*