(No. 30162.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. DILMAN GEORGE, Plaintiff in Error.

*Opinion filed November 20, 1947.*

MACON H. HUGGINS, (HARRIS B. GAINES, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff in error, Dilman George, was indicted, tried and convicted in the criminal court of Cook County for the crime of receiving stolen property. A jury was waived and trial had by the court, resulting in the finding of guilty and a sentence to the penitentiary.

The indictment charges the property alleged to have been received by plaintiff in error was taken from John Hesser by robbery, and that its value was $260. The proof shows without contradiction that the plaintiff in error purchased the said property from one or more of the robbers, but knowledge upon the part of the plaintiff in error that such property was stolen was vigorously denied.

The points relied upon for reversal, in addition to the failure to prove criminal knowledge, are: An absence of proof of the value of the property stolen; and that the evidence fails to prove the guilt of the plaintiff in error beyond a reasonable doubt.

The evidence shows that on the night of December 14, 1946, John Hesser, a physician, was robbed, by three men, of an Omega watch and a pen-and-pencil set, and that plaintiff in error was not one of those who robbed him. The physician testified the watch cost $250, and the pen-and-pencil set cost $17.50, but they were a gift from his son, who purchased same overseas. The only other evidence of value was by a policeman, who· volunteered the testimony that the robber had told him he had sold the watch to plaintiff in error for $25, and that it was worth $250. Objection was made to this testimony, and the objection sustained by the court; and for reasons pointed out hereafter such statement is not proof of value.

The statute makes a difference in the punishment of one charged with theft of property of the value of $15 or less, and one charged with the stealing of property of the value of more than $15; and the statute on the receiving of stolen property makes the same distinction, in that re-

ceiving property, stolen or obtained by robbery, of the value of more than $15 is punishable by confinement in the penitentiary, and if the value is $15 or less it is a misdemeanor. Value is therefore material in such a case, as it is necessary that it be proved in order for the court to mete out the proper punishment for the crime. It has long been established that the value of property received from one who has stolen or obtained same by robbery must be proved in order to determine whether the crime committed was a felony or a misdemeanor. In this particular instance the indictment charges that the property was of the value of $260.

The value proved must be the fair cash market value of the property stolen and received by the plaintiff in error. There is no such proof in the record. Dr. Hesser, the party robbed, testified he had received an Omega watch and a pen-and-pencil set from his son who was overseas, and testified the watch cost $250 and the pen-and-pencil set $17.50. The value of property, in cases involving a distinction between petit larceny and grand larceny, is the fair cash market value at the place of the theft. (*People* v. *Fognini,* 374 Ill. 161; *People* v. *Butman,* 357 Ill. 506; *People* v. *Silvertrust,* 236 Ill. 144.) Dr. Hesser does not testify as to the fair market value of the property, or to any value; he simply states what the property cost, and this information must have been obtained from his son, as it was purchased and obtained by the son. His testimony fails to disclose the condition of the watch, the quality, or whether it was of a type modern or obsolete, and hence the cost is no criterion of its actual fair cash market value at the time it was taken from him.

The only other testimony was that of a policeman who said he was told by the person who was arrested for the robbery that he had sold the watch to the plaintiff in error for $25, and that it was worth $250. The objection to this testimony was sustained, as it was wholly voluntary

as to the question asked, which involved a conversation out of the presence of the plaintiff in error, as to its worth. This was not only improper as hearsay testimony, but was subject to the same objection on materiality as that of Dr. Hesser. In order to prove fair cash market value the witness who testifies to it must have sufficient knowledge of properties and values to give a reasonable estimate thereof, (*People* v. *Turpin,* 233 Ill. 452,) in which respect neither of the witnesses qualified. The People have failed to establish the fair cash market value of the property alleged to have been received by plaintiff in error from the person who robbed Dr. Hesser. This is not a case where one is testifying concerning property that has no market value, as in that event, of course, the actual worth is involved.

The evidence discloses that plaintiff in error had never been convicted of any crime; that he had known the persons who had committed the robbery for three years or more, when he lived in that part of the city of Chicago where they resided; that he did not know they had committed a robbery or had obtained the property in question in that manner, and there is no proof whatsoever, other than the alleged fact that property said to be worth $250 was purchased for $25, to show the plaintiff in error purchased property knowing it was stolen or taken by robbery. When there is no proof of market value necessary to create grand larceny, or the felony of receiving property knowing it to be stolen, presumption of knowledge arising from an inadequate consideration must fail. There being no proof of market value, there can be no presumption there was an inadequate consideration.

The judgment of the criminal court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*