(No. 35585.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD MACK, Plaintiff in Error.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

CARL F. ELLWANGER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Bernard Mack, the defendant, was charged with larceny and with unlawful receipt of a stolen ring of the value of $300. Upon a plea of not guilty and a waiver of his right to trial by jury, he was tried by the court, found guilty of larceny, and sentenced to a term of 5 to 10 years in the penitentiary. Defendant brings this writ of error to review that conviction.

Defendant contends that the State failed to prove the fair cash market value of the ring involved, and also the felonious taking of the ring. Defendant further objects to certain rulings of the trial court, which he contends unduly limited his right to cross-examination.

Carman Rodriquez, a saleslady in the jewelry department of Montgomery Ward & Co., Inc., testified that on October 17, 1958, defendant came to her department with a woman and asked to see diamond wedding and engagement rings. While his companion was examining rings, defendant asked to see a three-diamond man's ring. The saleslady gave it to him and he put it on. They then said that

they were going to the credit office to see about their credit. After they left the store, Carman Rodriquez noticed that the man's ring and its case were missing. Defendant never returned the ring to her. She stated she did not remember any other persons at the counter while defendant and his companion were there. She testified without objection that the value of the ring was $300.

Defendant was arrested on November 6, 1958, and at that time took police detectives to a garage behind his home and showed them the ring buried beneath a pile of leaves.

Defendant signed a written statement shortly after his arrest, and took the stand in his own defense. He admitted going to the Montgomery Ward store with his wife and looking at rings and examining the ring in question. He insists, however, that he handed the ring to one Earl Bates, at the counter. He knew Bates casually and didn't know where he lived. Some days later he saw the ring on Bates's finger. Defendant testified that Bates asked him to try to sell the ring and showed defendant where it was hidden.

We agree with defendant that the State has the burden of proving that the value of the ring in question was in excess of $50 in order to warrant the conviction of a felony and imprisonment in the penitentiary. (*People* v. *Rose,* 19 Ill.2d 292; Ill. Rev. Stat. 1957, chap. 38, par. 389.) Value in this sense refers to fair cash market value. (*People* v. *Todaro,* 14 Ill.2d 594.) In the case at bar the saleslady engaged in selling jewelry was asked the value of the ring on October 17, 1958, and she answered, "Three hundred dollars." It further appears that this was the selling price established by Montgomery Ward. Defendant, himself, in his uncontradicted written statement said that he imagined that Earl Bates wanted between $50 and $60 for the stolen ring. Defendant made no objection to either the qualifications or the testimony of the saleslady, Carman Rodriquez, as to value. No question was raised in the trial court as to the value of the ring prior to the close of the State's case.

We are convinced that the evidence in the record without objection clearly establishes that the fair cash market value of the ring was in excess of $50.

In both *People* v. *Fognini,* 374 Ill. 161; and *People* v. *George,* 398 Ill. 318, relied upon by defendant, improper evidence of value was introduced over objection of the defendant; and no unobjectionable evidence was introduced. In the case at bar, had defendant objected that the qualifications of the witness to testify as to value were insufficient, this defect could have been remedied at the trial. We determine that, in the absence of timely objection, the State met the burden of proving the fair cash market value of the ring.

We also believe that the State proved beyond a reasonable doubt that defendant feloniously stole the ring in question. The testimony of the saleslady, together with the discovery of the ring hidden on defendant's property with his admitted knowledge, sufficiently establishes defendant's guilt. We think the trial judge was well within his rights in rejecting as incredible the contradictory testimony of defendant.

We have carefully examined the entire record and can find no instance where the defendant was prejudically limited in interrogating witnesses. We find that the record is free of error and amply supports the judgment of conviction. The judgment of the criminal court is accordingly affirmed.

*Judgment affirmed.*