375 A.2d 118

**In the Interest of Douglas Curtis FREY, a minor, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Louise G. Herr, Assistant District Attorney, Lancaster, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

This is an appeal contesting that part of an Order of the Court of Common Pleas, Juvenile Division, of Lancaster County, which requires Douglas Curtis Frey, a minor, to pay restitution as one of the conditions of his probation. The propriety of appellant's being adjudicated a delinquent child is not disputed.

As a result of a burglary in which automotive parts having a value of $560.00 were taken from a gasoline station by appellant and an accomplice, appellant was adjudicated a delinquent child at a hearing held on March 5, 1975. Appellant was placed on probation in the custody of Horizon House and ordered to make restitution in the amount of $280.00, half of the value of the goods taken. The court below denied an application to rescind the order for restitution and this appeal followed.

 The only issue raised in this appeal is whether a juvenile court may properly order a juvenile to make restitution as one of the conditions of probation. The power of the juvenile court over delinquent children is derived from the Juvenile Act, Act of December 6, 1972, P.L. 1464, No. 333, § 1 et seq., 11 P.S. § 50–101 et seq. (Supp.1977). However, no provisions are found in the act itself authorizing the court to require the juvenile to make restitution. Under the Act of July 27, 1967, P.L. 186, § 3(a), 11 P.S. § 2003(a), the court may order the parents of a child adjudicated delinquent to reimburse the victim of the child's theft up to the statutory limits, but the statute excludes the delinquent child. In *Weiner Appeal*, 176 Pa.Super. 255, 106 A.2d 915 (1954) decided prior to the current Juvenile Act, this court held that, in the absence of statutory authorization, the parents of a delinquent child could not be compelled to make restitution to satisfy the civil demands of the victim of the child's delinquent act. Even an adult convicted of a criminal offense cannot be required to make restitution as a condition of probation or parole without specific statutory authorization. *Commonwealth v. Flashburg*, 237 Pa.Super. 424, 352 A.2d 185 (1975).

 It is not the function of the Juvenile Court under the Juvenile Act to determine civil liability or enforce the satisfaction of civil damages. *Bollinger Appeal*, 237 Pa.Super. 252, 352 A.2d 118 (1975); *Trignani's Case*, 148 Pa.Super. 142, 24 A.2d 743 (1942). One of the several purposes of the Juvenile Act is found in 11 P.S. § 50–101(b)(2) which states:

"(b) This Act shall be interpreted and construed to effectuate the following purposes:

(2) Consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior, and to substitute thereafter a program of supervision, care and rehabilitation."

In establishing the appropriate disposition in the case of a child adjudicated delinquent, the court may only exercise its discretion within the limits provided by the Act. *In re*

*Gardini*, 243 Pa.Super. 338, 365 A.2d 1252 (1977). 11 P.S. § 50–322(2) provides that one of these may be:

"Placing the child on probation under the supervision of the probation officer of the court or the court of another state as provided in Section 34,[2] under conditions and limitations the court provides." (Footnote omitted.)

Restitution is not included as a kind of condition or limitation envisioned by this section, especially when the act intends to remove from a juvenile criminal the consequences of his delinquent act. "In placing a juvenile on probation, a court undoubtedly may impose such terms as will bring home to the minor the seriousness of his delinquency. But the terms must be wholly in the interest of the child looking toward his reformation and not to make good the damages flowing from his illegal act." *Trignani's Case*, 148 Pa.Super. 142, 24 A.2d 743 (1942). See, e. g., *Bollinger Appeal*, 237 Pa.Super. 252, 352 A.2d 118 (1975).

The court's order relating to imposition of restitution on Douglas Curtis Frey is vacated and it is so ordered.