*In re* F. D., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* F. D., Respondent-Appellant.)—*In re* C. C., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* C. C., Respondent-Appellant.)

Second District    Nos. 79-620, 79-621 cons.

Opinion filed October 15, 1980.

Mary Robinson and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The respondents were charged by amended petitions for adjudication with three counts: theft over $150, burglary and arson. The arson charge was later amended to criminal damage to property over $150. On March 6, 1979, the respondents were adjudicated delinquent in the circuit court of Kane County after entering their admissions to the criminal damage charge. They were ordered to serve a period of probation and orally ordered to make restitution to the victim of the criminal damage charge. The order also reflected that the amount of restitution to be made to the victim of the burglary charge would be determined upon further hearing.

At the start of the restitution hearing on June 19, 1979, the Assistant State's Attorney stated to the court:

"MR. LAXTON: Your Honor, In the Interest of [C.C.], 79 J 1366, and [F.D.], 79 J 1029, these minors were adjudicated delinquent on March 6th on criminal damage to property over $150.

Today the matter is in court for a restitution hearing on a burglary charge which the State nolle prossed at that time as one of the conditions of the agreement.

At this time the State would elect to make a motion to dismiss with prejudice the burglary charge.

THE COURT: Motion granted."

At the continued hearing on July 16, 1979, the following colloquy occurred between the court and the assistant public defender:

"THE COURT: * * * Was this the case that arises out of an admission, or did we have a trial?

MISS BRAWKA: It was on admission, Your Honor.

THE COURT: and—

MISS BRAWKA: Well, if I could clarify that Your Honor. These minors had other charges that were pending. There was an admission on a different charge [criminal damage], not on this [burglary] charge, but—

THE COURT: Yes.

MISS BRAWKA: —but restitution was part of the order for the nolle pros on this [burglary charge].

THE COURT: I haven't received any testimony telling me one way or another way what the agreement participation was.

MISS BRAWKA: No Your Honor. * * *"

At the conclusion of the hearing, each minor was ordered to serve one year on probation and to pay restitution to the victim of the burglary in

the amount of $2,741, which amount was to be reduced by any amount recovered by the victim or his insurance company from the minors' adult co-defendant.

The respondent minors raise two issues on appeal. First, whether the court had authority to order them to pay restitution on the burglary charge for which charge they had never been adjudicated delinquent. Second, whether the amount of restitution ordered was excessive because it was computed on the basis of depreciated replacement cost rather than fair market value, and because it was not adjusted to reflect the amount recovered by the victim from his insurance company.

We conclude we are unable to either reverse or affirm as to the first issue because the record is too incomplete to allow a determination of the question of the court's authority to enter the restitution order, and we hereby remand the cause. If the court's authority to have ordered restitution as discussed below is established on remand, the remaining issue is resolved as follows: The judgment of the court as to the method of computing the amount of restitution is reversed and remanded for recomputation on the basis of the fair market value at the time the offense occurred; and the judgment of the court not to offset the amount of restitution by the amount received by the victim from his insurance company is affirmed. If the authority of the court to have ordered restitution is not established on remand, the judgment of the court ordering restitution is vacated.

At the outset, we note that Supreme Court Rule 660(a) provides that appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases. (Ill. Rev. Stat. 1979, ch. 110A, par. 660(a).) We also note the record reveals the trial court failed to admonish the respondents pursuant to Supreme Court Rule 605(b), notably with regard to the respondents' right to appeal, the requirement that a motion for leave to withdraw the guilty plea (in this instance, the admission) shall be filed within 30 days of the imposition of sentence, and the fact that if the motion is allowed, and the State so requests, any charges that may have been dismissed as part of a plea agreement will be reinstated and will also be set for trial. Ill. Rev. Stat. 1979, ch. 110A, par. 605(b)(1), (2), (4).

Although the respondents filed a timely notice of appeal and were represented by counsel throughout the proceedings, no motion to withdraw the admissions pursuant to Supreme Court Rule 604(d) was filed. During oral argument, appellate counsel for the respondents stated they did not wish to withdraw their admissions to the charge of criminal damage, but nevertheless challenged the authority of the court to order restitution to the victim of the burglary charge which charge had earlier been dismissed with prejudice and for which there had been no adjudication whatsoever.

In main support of that challenge, respondents cite *People v. Mahle* (1974), 57 Ill. 2d 279. In *Mahle*, the trial court ordered the defendant to make restitution for other alleged bad checks written by him which amounted to a sum over and above the total amount of money wrongfully obtained by him as set forth in the informations which were before the court. The court held:

"We do not believe that the conditions of restitution may extend to matters unrelated to the charges before the court. The trial court was not empowered to order restitution of sums extraneous to the informations before it." 57 Ill. 2d 279, 284.

We find the following facts to be significant in the case at bar: on motion by the State, the court dismissed the burglary charge with prejudice on June 19, 1979; with the minors' full participation therein, the court proceeded to hold a hearing to determine the amount of restitution to be paid to the victim of the burglary; on July 17, 1979, 28 days after the dismissal of the burglary charge with prejudice, the court entered its order directing that the minors each pay the victim $2,741, which was to be reduced by any amount recovered by the victim and/or his insurance company from the minors' adult co-defendant.

■■ It is well established that a circuit court may review, alter, modify or set aside its judgment within 30 days of its entry. Even after 30 days has passed, the court may be revested with jurisdiction where there is (1) active participation by the parties without objection (2) in further proceedings inconsistent with the prior order of dismissal. *Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 72; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 49-50.

Even though the court's restitution order was entered within the 30-day period and could be viewed as a nullification of the prior dismissal, the fact remains the minors neither admitted to, nor were they adjudicated on, the burglary charge. Although the minors testified at the restitution hearing to taking some of the items for which restitution was ordered, the minors' counsel specifically stated that her stipulation to the value of the items (over her objection to the court's direction as to computation of the value) was not to be considered as an admission by the minors to the taking of the items. We note that in proceedings under the Juvenile Court Act a prior adjudication or judgment of guilt is not always necessary before disposition. We refer to the disposition of "continuance under supervision" with conditions attached (reporting, restitution, etc.) which, viewed realistically, involves the imposition of a penalty despite the fact the offender has not been found guilty, or an earlier finding of guilt has been vacated. (Ill. Rev. Stat. 1979, ch. 37, par. 704—7; see *People v. Breen* (1976), 62 Ill. 2d 323, 326-27.) We further note, however, that subsection (4) of section 4—7 which specifically provides for restitution as a condition of supervision was not in effect at the time

the instant restitution was ordered. Like the present statute, the prior statute permitted the court to order supervision "subject to such conditions as to conduct and visitation and supervision by the probation officer * * * as the court may prescribe." (Ill. Rev. Stat. 1979, ch. 37, par. 704—7(1).) The case of *In re R. J. W.* (1979), 76 Ill. App. 3d 159, strongly suggests that when the status of the minor is, as here, pre-adjudicatory, it would be illogical to interpret a requirement to make restitution to be a regulation of "conduct." Indeed, subsection (4) of section 4—7 appears to contemplate that at least an adjudicatory hearing has been held prior to requiring restitution as a condition of supervision.

Consequently, we conclude the court had no perceivable statutory authority to order restitution to the victim of the burglary unless, of course, the minors voluntarily agreed to pay such restitution. This, then, is the crux of the issue.

■■ The terms of the plea agreement, if one in fact exists, have not specifically been made a part of the record pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1979, ch. 110A, par. 402(b)), nor is Rule 402 strictly applicable to noncriminal matters such as proceedings under the Juvenile Court Act. (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.; In re Beasley* (1977), 66 Ill. 2d 385, 389.) The essence of Rule 402 due process is satisfied in juvenile proceedings if the record discloses that the minor understood the consequences of entering an admission. (*Beasley*, at 397.) As a consequence of the nonapplicability of Rule 402 to juvenile proceedings, the record on appeal may not include the terms of a plea agreement which has resulted in an admission. This appears to be the problem here.

■■ Despite the minors' argument to the contrary, Supreme Court Rule 604(d), which requires a motion for withdrawal of a guilty plea, is applicable to appeals by minors who have been adjudicated delinquent following an admission. (Ill. Rev. Stat. 1979, ch. 110A, par. 660(a).) We can only presume that the record before us now could have been made more complete and amenable to more direct resolution if the minors here had complied with Rule 604(d) as directed by Rule 660(a). The minors cite *In re Buchanan* (1978), 62 Ill. App. 3d 463, and *In re Thomas* (1979), 77 Ill. App. 3d 299, in support of their argument that the applicability of Rule 604(d) is an unsettled question. We disagree, however, since our reading of those cases shows they accepted the premise that the rule applies to juvenile admissions. However, in *Buchanan*, since the minor did not challenge the voluntariness of his plea, the failure to file a withdrawal motion was found not to be fatal to the appeal, because the issue was whether the trial court abused its discretion in not admitting the defendant to probation. Thus, no agreement the minor there had entered into with the State would have been vitiated upon appeal. In *Thomas*, since the issue was the voluntariness of the plea and the record was incomplete as to the terms of the plea agreement, the court dismissed the appeal for

the minor's failure to comply with Rule 604(d), because compliance therewith would have resulted in a more complete record.

■■ The instant appeal would likewise have been dismissed for failure to comply with Supreme Court Rule 604(d) save for one important distinguishing feature: unlike *Thomas*, the court here failed to admonish the minors pursuant to Supreme Court Rule 605(b) which is also made applicable to appeals by juveniles by virtue of Supreme Court Rule 660(a). (Ill. Rev. Stat. 1979, ch. 110A, pars. 605(b), 660(a).) We are persuaded by the arguments of the minors and the State that the court's failure to so admonish the minors should excuse their Supreme Court Rule 604(d) failure and allow us to reach the merits of this appeal. (*People v. Lundeen* (1977), 55 Ill. App. 3d 799.) Nonetheless, unlike the court in *Lundeen*, we are still faced with an incomplete record since we do not know the extent of the terms of the "agreement" which is hinted at in the record. In our view, the passing allusions in the record to the restitution being part of an agreement to forego prosecution on the burglary charge must be brought into focus and examined clearly before the issue of the court's authority to order restitution may be decided. We find that if these incomplete references to the existence of a tie between the restitution order and the State's motion for dismissal with prejudice are established in full on remand, *People v. Mahle* (cited above) is readily distinguished. In *Mahle*, there was no indication that the other bad checks for which restitution was ordered were ever the subject of a formal charge, or that they related in any way to a plea bargain agreement. *Mahle*, then, would present no precedential bar to the court's restitution order in the instant cause.

■■ We therefore remand the cause on this issue for a determination of the terms of the agreement, if any. If, in fact, the minors agreed to pay restitution to the victim of the burglary in exchange for the State's agreement to forego prosecution, or for other consideration from the State, the court's authority to order restitution is affirmed, pursuant to the concept that both parties fairly entering into a plea agreement are thereafter bound by it. (*People v. Curvin* (1980), 81 Ill. App. 3d 481.) If there was no such plea agreement, we must conclude the court was without statutory authority to order restitution on a charge which had been dismissed with prejudice and/or for which charge at least the minimum of an adjudicatory hearing had not been held prior to a disposition of continuance under supervision with conditions.

■■ In the interest of judicial economy and in the event the existence of a plea agreement is shown upon remand, we wish to address the minors' second contention that the amount of restitution ordered was excessive because it was computed on the basis of depreciated replacement cost rather than fair market value, and because it was not adjusted to reflect the amount recovered by the victim from his insurance company. As to

this latter aspect, we find the case cited by the State in its supplemental brief, *People v. Wilson* (1980), 87 Ill. App. 3d 544, expresses our view on the matter, and we accept it as precedent in the case at bar. Briefly, the fact that the victim of the burglary had a contract of insurance which reimbursed him for all or part of his "actual out of pocket expenses or loss" proximately caused by the conduct of the defendant (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—5—6(b), 1005—6—3(b)(9)) does not decrease the amount of the loss to the victim.

■ As to the depreciated replacement value method of computing the victim's "actual out of pocket expenses or loss," we find this to be a matter of first impression in Illinois since no cases which prescribe the method of computation to be used were discovered in the course of our research. The minors point out that in valuing an item for purposes of determining the degree of an offense charged, the standard used is the "fair market value" at the time and place of the theft. (*People v. George* (1947), 398 Ill. 318; *People v. Butman* (1934), 357 Ill. 506.) Under the depreciated replacement cost method used in this case to determine the victim's out of pocket expenses or loss, however, the relevant time period shifts from the time of the offense to the time of the hearing. Use of this method could conceivably permit a situation where a defendant charged with an offense involving property valued at under $150 is ordered to pay an amount of restitution over $150. In effect, a hidden inflation factor is added into each restitution order.

Although it is true a victim may sometimes lose the benefit of some of the appreciation his property may obtain after the theft, we cannot in good conscience allow the use of the depreciated replacement cost method to charge the defendant for an inflationary factor over which he has no control and which could not be foreseen at the time of the offense. Our decision in this matter to a very large degree is influenced by the fact that the fair market value at the time of the occurrence has long been the standard measure of damages in civil cases in Illinois when property is lost, destroyed or converted. (*People v. Carraro* (1979), 67 Ill. App. 3d 81, 88, *aff'd* (1979), 77 Ill. 2d 75; *Freberg v. Coronet Insurance Co.* (1968), 96 Ill. App. 2d 39, 44.) In the event the remand to the trial court discloses there was a plea agreement to make restitution to the victim of the burglary, the court is directed to recompute the amount of restitution to be paid the victim using the fair market value of the items at the time and place of the theft.

Remanded with directions.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.