444 A.2d 758

**COMMONWEALTH of Pennsylvania**

**v.**

**Thomas Harry KERR, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1981.

Decided April 16, 1982.

---

Robert G. Kochems, Public Defender, Mercer, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

WIEAND, Judge:

This is an appeal from a judgment of sentence imposed following entry of a plea of guilty to theft by unlawful taking. Thomas Harry Kerr, the appellant, contends that because the victim was insured and received compensation from his insurer for the loss sustained, appellant could not properly be directed, as a part of his sentence, to make restitution.[1] We disagree and affirm the judgment of sentence.

1. The judgment of sentence reads as follows:

■ The Commonwealth contends that the issue of restitution has been waived by appellant's failure to file a motion to "modify" his sentence in accordance with Pa.R.Crim.P. 1410. Appellant's contention, however, is that the sentence imposed by the trial court is unauthorized and illegal. An illegal sentence cannot be waived. *Commonwealth v. Walker*, 468 Pa. 323, 330, 362 A.2d 227, 230 (1976); *Commonwealth v. Brazzle*, 272 Pa.Superior Ct. 438, 442, 416 A.2d 536, 539 (1979); *Commonwealth v. Albertson*, 269 Pa.Superior Ct. 505, 510 n.7, 410 A.2d 815, 817 n.7 (1979); *Commonwealth v. Young*, 256 Pa.Superior Ct. 392, 394, 389 A.2d 1180, 1181 (1978); *Commonwealth v. Stouffer*, 241 Pa.Superior Ct. 142, 146 n.2, 359 A.2d 829, 831 n.2 (1976). But cf. *Commonwealth v. Lauer*, 265 Pa.Superior Ct. 542, 402 A.2d 678 (1979). Thus, we are required to consider the merits of appellant's argument.

"In Pennsylvania restitution can be imposed either as a condition of probation or as a direct sentence." *Commonwealth v. Erb*, 286 Pa.Superior Ct. 65, 73, 428 A.2d 574, 578 (1981) quoting *Commonwealth v. Fuqua*, 267 Pa.Superior Ct. 504, 509, 407 A.2d 24, 26 (1979). Authority for ordering restitution as a direct sentence is contained in Section 9721(c) of the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1, as amended, 42 Pa.C.S.A. § 9721,[2] which provides:

(c) Restitution.—In addition to the alternatives set forth in subsection (a) of this section the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained.

Authority to order restitution as a sentence is also conferred by Section 1106 of the Crimes Code, Act of June 18, 1976, P.L. 394, No. 86, § 1, as amended, Act of April 28,

AND NOW, on this 2nd day of January, 1981, it is the sentence of this Court that the Defendant pay the costs and be imprisoned in the Northwest Regional Jail for a period of not less than six (6) months nor more than twenty-three months and pay restitution in the amount of Three Thousand Two Hundred Seventy-One Dollars and Sixty-Eight Cents ($3,271.68).

2. Formerly 18 Pa.C.S.A. § 1321(c).

1978, P.L. 202, No. 53, § 7(5), 18 Pa.C.S.A. § 1106, which provides:

§ 1106. Restitution for injuries or property

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

(b) Condition of probation or parole.—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

Appellant and one Walter Gramsky removed $2,683.67 from the safe of appellant's employer, after having broken a window in the place of business and having drilled a hole in the safe to divert suspicion from appellant. The loss and damages caused were in the total amount of $3,271.68. It was this amount for which appellant was directed to make restitution. Appellant contends that the victim's only loss was $600.00 because all amounts in excess thereof were covered by insurance. He argues that restitution in excess of $600.00 is in reality a payment to an insurance company. Inasmuch as the insurer was not the victim of his crime, he argues, the order of restitution was improper. We reject this argument for several reasons.

In the first place, appellant's argument misconstrues the purpose and intent of the statutes authorizing restitution. "As a sentence, or a condition of sentence, imposed following a criminal conviction, an order of restitution is not an award of damages. While the order aids the victim, its *true purpose*, and the *reason* for its imposition, is the rehabilitative goal it serves by impressing upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so." *Commonwealth v. Erb,* supra, 286 Pa.Super. at 77–79, 428 A.2d 574, 580–581 (1981) quoting

*Commonwealth v. Fuqua,* supra, 267 Pa.Super. at 508, 407 A.2d at 26 (citations omitted) (emphasis supplied).

Appellant's second argument that the insurance proceeds paid to his victim reduced the victim's actual compensable loss to $600.00 is also without merit. The injury sustained by the victim as a direct result of appellant's criminal conduct was $3,271.68. Appellant cannot be heard to complain that because his victim had the foresight to purchase a contract of insurance, appellant's criminal conduct only caused an injury in the amount of $600.00. The courts of Illinois have addressed this argument; and we find their reasoning persuasive. "According to defendant, the victim was Bloomfield, and his 'actual out of pocket loss' was $518.45, or the value of the stolen guns less the money he received from his insurance company. . . . Bloomfield's 'actual out of pocket loss' was the value of the stolen guns. The fact that he had a contract of insurance which reimbursed him for part of such loss does not decrease the amount of the loss. Our view is supported by the analogous collateral source rule of damages in tort." *People v. Wilson,* 87 Ill.App.3d 544, 549, 42 Ill.Dec. 500, 504, 408 N.E.2d 1209, 1213 (1980). See also: *People v. Knowles,* 92 Ill.App.3d 537, 538, 47 Ill.Dec. 206, 208, 414 N.E.2d 1322, 1324 (1980); *People v. Abraham,* 89 Ill.App.3d 786, 787, 45 Ill.Dec. 9, 10, 412 N.E.2d 45, 46 (1980); *In Interest of F.D.,* 89 Ill.App.3d 223, 230, 44 Ill.Dec. 834, 840, 411 N.E.2d 1200, 1206 (1980). The principle supporting the collateral source rule is " 'the judicial refusal to credit to the benefit of the wrongdoer money or services received in reparation of the injury caused which emanate from sources other than the wrongdoer.' " *Feeley v. United States,* 337 F.2d 924, 926 (3rd Cir. 1964) quoting Maxwell, The Collateral Source Rule in the American Law of Damages, 46 Minn.L.Rev. 669, 670–671 (1962). This principle is equally applicable where a criminal defendant's conduct has caused an injury which is partially or totally compensable under a contract of insurance.

Finally, there is no merit in appellant's argument that the insurance company's right of subrogation transforms the

sentence into an order directing payment to one who was not the victim of the crime. Appellant has no standing to question contractual or subrogation rights which govern disposition of moneys paid via restitution to the victim. As the court of a sister state observed in *State v. Rose*, 45 Or.App. 879, 881, 609 P.2d 875, 876 (1980), "[t]he owner of the stolen vehicle is the 'victim' and restitution will be paid to him. The fact that the owner may be contractually bound to pass on the payments to his insurer does not alter the validity of the order; '[t]he reparation statute is a rehabilitative tool of the criminal law; its applicability should not be affected by the happenstance of whether the owner carries insurance.'"

The judgment of sentence is affirmed.

JOHNSON, J., concurs in the result.