715 P.2d 968

**In the Interest of Todd MILLER, a Child Under 18 Years of Age.**

**Todd MILLER, Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15790.**

Supreme Court of Idaho.

Feb. 21, 1986.

Jed W. Manwaring and M. Karl Shurtliff, of Evans, Keane, Koontz, Boyd & Ripley, Boise, for appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

BAKES, Justice.

In this appeal we consider whether, prior to July 1, 1985, the Idaho Youth Rehabilitation Act permitted juvenile courts to order juveniles to pay non-property restitution to victims. The facts of this case are simply stated. Following an exchange of words, appellant Todd Miller, age 15, struck another youth in the eye with his fist. The lens of the eyeglasses the youth was wearing broke, and a shard of glass entered the youth's eye. Miller was ultimately convicted of simple battery in juvenile court. He was placed on probation, subject to several conditions, including the requirement that he pay restitution for the medical expenses incurred by the other youth. All of these events occurred prior to July 1, 1985, when I.C. § 16–1814 read, "In cases where there is loss or damage *of property*, the court may provide for full or partial restitution in the manner and form prescribed by the

court."[1] (Emphasis added.) Appellant contends that under the express wording of the statute a juvenile court could not properly order payment of non-property restitution.

Miller appealed to the district court from the magistrate's order of restitution, arguing that the payment of non-property restitution was not authorized under the version of the Idaho Youth Rehabilitation Act which was in effect prior to July 1, 1985. The district court upheld the juvenile court's order, requiring the payment of restitution. Miller then appealed to this Court. We reverse.

The state acknowledges that a juvenile court is without authority to enter restitution orders without statutory authorization. *See, e.g., In Interest of F.D.*, 89 Ill.App.3d 223, 44 Ill.Dec. 834, 838, 411 N.E.2d 1200, 1204 (1980); *In Interest of Frey*, 248 Pa. Super. 322, 375 A.2d 118 (Ct.1977). The sole question raised on this appeal is whether I.C. § 16–1814 gave the juvenile court such authority.

■ In deciding this question we are mindful of the basic rule of statutory construction that, unless the result is palpably absurd, we must assume that the legislature means what is clearly stated in the statute. *State Dept. of Law Enforcement v. One 1955 Willys Jeep*, 100 Idaho 150, 153, 595 P.2d 299, 302 (1979); *Worley Highway Dist. v. Kootenai County*, 98 Idaho 925, 928, 576 P.2d 206, 209 (1978). The version of I.C. § 16–1814 at issue here provides for the payment of restitution "in cases where there is loss or damage of *property*" (emphasis added). This language clearly indicates that restitution may be ordered only to compensate for property damage.

■ The state invites us to read this language to include, as property, both the victim's body and the money spent for medical care. However, the state's broad reading of the word "property" would, in effect, allow for payment of restitution in any case. This reading would render meaningless the amendment of the restitution provision of I.C. § 16–1814, which became effective on July 1, 1985, and which altered the statute, allowing a court to "order restitution to be paid by the child for *any* losses incurred by the victim of the unlawful act or crime. (Emphasis added.)"[2] When a statute is amended it is presumed that the legislature intended the statute to have a meaning different from the meaning accorded the statute before amendment. *Lincoln County v. Fidelity & Deposit Co. of Maryland*, 102 Idaho 489, 491, 632 P.2d 678, 680 (1981); *Wellard v. Marcum*, 82 Idaho 232, 239, 351 P.2d 482, 486 (1960). The statute's amendment was apparently intended to expand the juvenile court's authority to award restitution. Our acceptance of the state's broad reading would require us to ignore these basic rules of statutory construction.

■ While we recognize that the juvenile court's awarding of restitution in this case was a salutary endeavor, the courts cannot ignore the expressed intent of the legislature. Statutes must be interpreted to mean what the legislature intended for the statute to mean. *Gumprecht v. City of Coeur d'Alene*, 104 Idaho 615, 618, 661 P.2d 1214, 1217 (1983); *Smith v. Dept. of Employment*, 100 Idaho 520, 522, 602 P.2d 18, 20 (1979). Thus, despite strong policy arguments supporting the juvenile court's decision in this case, we must follow the legislature's directive.[3] Our decision does

---

1. Effective July 1, 1985, I.C. § 16–1814 was amended to allow the court to "order restitution to be paid by the child for *any losses* incurred by the victim...."

2. Effective October 1, 1985, I.C. § 16–1814 was again amended and now provides, "Unless the court determines that an order of restitution would be inappropriate or undesirable, it *shall* order the child to pay restitution *to any* victim *who suffers an economic loss* as a result of the

child's conduct in accordance with the standards and requirements of Section 19–5304, Idaho Code." (Emphasis added.) This newest amendment of the statute clearly indicates that now the legislative policy favors the payment of restitution whenever economic loss is suffered.

3. As previously noted in n. 1, the legislature has now recognized the value of requiring payment of restitution whenever economic loss is suffered. In fact, I.C. § 16–1814 now reads that

not preclude the recovery of damages by the victim in a separate civil proceeding. Accordingly, we reverse the decision of the district court and remand this case to juvenile court for amendment of the probation order.

DONALDSON, C.J., BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, Justice, concurring in part and dissenting in part.

I reluctantly concur in the majority's analysis of the statutory authority of the court to order restitution in the instant circumstances, given the legislators' change in the statutory language. However, I would hold that while the court might well have been without authority to order restitution for medical expenses, nevertheless the appellant was not required to, but presumably did, accept the conditions imposed as a precedent to the court's order of probation. Hence, I would affirm.

the court *"shall"* order the child to pay restitu-