TERRY SCHULTZ, Plaintiff-Appellee, v. HENRY STEINHAGEN *et al.*, Defendants-Appellants.

Third District No. 3—89—0551

Opinion filed June 15, 1990.

Ward, Murray, Pace & Johnson, P.C., of Sterling (John A. Guzzardo, of counsel), for appellants.

Besse, Frye, Arnold, Miller & Lancaster, of Sterling (Michael A. Lancaster, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

Plaintiff-lessee Terry Schultz brought suit against defendants-lessors Henry and Robert Steinhagen to recover damages for the loss or destruction of the plaintiff's personal property as a result of the alleged negligence of the defendants. Following a jury trial, a verdict in favor of the plaintiff was returned and damages in the amount of $29,026.77 were awarded. The defendants appeal. We reverse and remand.

In December 1985, the plaintiff entered into a written lease with the defendants for the front portion of a building in Sterling, Illinois.

Schultz's intention was to use the building to operate a motorcycle repair and service business. Although Schultz took possession of the premises, he never paid any rent to the Steinhagens as required by the lease. After operating his business for a few months, Schultz left the Sterling area for an extended period of time.

While Schultz was gone, the defendants entered the leased premises and changed the locks. In the ensuing months the defendants were approached by persons who claimed that Schultz had property belonging to them in the building. The defendants allowed this property to be removed from the leased premises.

In July 1987, Schultz's attorney demanded access to the leased premises. The defendants provided him with a key, and in August 1987, Schultz entered the leased premises and noticed that some of his personal property was missing. He later filed suit, alleging negligence, against the defendants for the loss or destruction of certain personal property which he claimed had been left in the leased premises.

A jury trial was held on April 18-19, 1989. In addition to the testimony of the plaintiff, three other individuals testified for the plaintiff. Ed Berge testified about a conversation he had with Harry Steinhagen in 1987. Berge testified that Harry Steinhagen approached him and inquired about the value of a drag racing bike that Berge had sold to the plaintiff. The clear implication was that Harry Steinhagen intended to sell the motorcycle even though it was owned by the plaintiff.

Richard Zink testified that Bob Steinhagen sold him a set of Harley-Davidson cylinders and cylinder heads. Though the plaintiff never established that these items were the property of the plaintiff, the inference created was that Bob Steinhagen had sold some of the property the plaintiff had left on the leased premises.

Gerald Siddens was also called as a witness by the plaintiff. Siddens testified that he had conversations with Henry Steinhagen concerning the whereabouts of several items belonging to the plaintiff. These items were allegedly taken from the leased premises by Henry Steinhagen.

At the close of the plaintiff's case in chief, the defendants moved for a directed verdict. This motion was denied. Following the presentation of the defense, the case was given to the jury. A verdict in favor of the plaintiff was returned and damages were awarded. Defendants appeal.

■ The first issue we address is whether the trial court erred when it denied the defendants' motion for a directed verdict. We conclude that it did not.

The plaintiff's second amended complaint alleges negligence on the

part of the defendants. Specifically, the plaintiff alleges the defendants allowed unauthorized persons access to the leased premises, failed to properly secure the plaintiff's property from damage and/or theft and denied the plaintiff access to the leased premises.

The defendants claim that the plaintiff's proof at trial failed to prove any of the above allegations but rather the proof tended to show that the defendants had intentionally deprived the plaintiff of his property. It is true that some of the acts of the defendants were intentional acts and might have been the basis for an action in conversion. (*Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 419 N.E.2d 578.) However, the plaintiff may also choose to allege ordinary negligence and test the conduct of the defendants by a standard of a reasonable man when, in the exercise of self-help, they undertook to change the locks on the building and deal with the plaintiff's property. It should be noted that the lease between the parties did not give the defendants the right to take such actions nor did they seek to avail themselves of the remedies provided to landlords by statute. Ill. Rev. Stat. 1989, ch. 110, par. 9—101 *et seq.*

We are of the opinion that sufficient evidence existed that would allow a jury to find that the defendants acted negligently in allowing persons to enter the leased premises and remove various items. There appear to have been no records kept by the defendants detailing the items removed or signed receipts by persons who removed the goods from the premises. Accordingly, we affirm the jury's finding of liability on the part of the defendants.

 ▌ Although we have concluded that the defendants may properly be liable for their actions, we have determined that the jury was allowed to consider improper evidence of the value of the plaintiff's property.

In conjunction with his testimony, Schultz offered plaintiff's exhibit No. 3. This exhibit contains a list of tools, equipment and parts inventory which the plaintiff alleges were lost, stolen or damaged as a result of the defendants' negligence. Corresponding to each item is a valuation that the plaintiff claims is the replacement cost for the item. The plaintiff testified that he obtained the replacement prices used by consulting various parts catalogs and by calling parts suppliers. Since the trial court held that the plaintiff was not competent to testify as an expert as to the value of these items, the sole basis for these valuations was the unidentified parts catalogs and the parts suppliers.

The defendants objected to the introduction of the exhibit, claiming that the information in the exhibit constituted hearsay since the valuations were not within the personal knowledge of the plaintiff. The

trial judge overruled the objection and allowed the exhibit to be admitted into evidence. We believe the trial court erred.

A witness must have sufficient personal knowledge of the property and of the values thereof before he can be allowed to give a reasonable statement as to the value of the property. (*People v. Butman* (1934), 357 Ill. 506, 508, 192 N.E. 564.) The plaintiff did not have personal knowledge of the values. He obtained this information from outside sources. Accordingly, the outside sources should have been identified and made available at trial to afford the defendants the opportunity to dispute the valuations. It is also required that the evidence show the value of the items of personal property immediately before their disposition. (*Lucas v. Bowman Dairy Co.* (1964), 50 Ill. App. 2d 413, 200 N.E.2d 374.) We hold, then, that the trial court erred when it failed to sustain the defendant's objection to the introduction of plaintiff's exhibit No. 3 and therefore remand for further hearing on the issue of damages.

The decision of the circuit court of Whiteside County is reversed and remanded.

Reversed and remanded.

HEIPLE, P.J., and STOUDER, J., concur.