THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN C. REDNOUR, Defendant-Appellant.

Second District   No. 2—94—0756

Opinion filed May 23, 1996.—Rehearing denied June 21, 1996.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Defendant, John C. Rednour, appeals that part of the trial court's sentencing order requiring defendant to pay $1,254 in restitution for a safe damaged during a burglary to which defendant pleaded guilty. The issue on appeal is whether the trial court erred in determining the amount of restitution for the safe. We affirm.

On October 2, 1991, defendant was arrested for burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a) (now 720 ILCS 5/19—1(a) (West 1994))). On October 11, 1991, he was charged with four burglaries which occurred on August 19 and 23, 1991. On September 22, 1992, defendant entered a negotiated guilty plea to all four burglary counts. Pursuant to the plea agreement, defendant agreed to serve 90 days in jail and 30 months' probation and to pay a $300 fine, costs, and restitution. The only contested portion of the plea agreement was the amount of restitution defendant owed for the destruction of a safe at Berman's Auto Parts.

On October 27, 1992, the trial court conducted a hearing on the issue of restitution. Susan Simon, a co-owner of Berman's Auto Parts, testified that a window in the overhead door was broken, a door and glass top of a desk were damaged, approximately $4,029 in cash was stolen from the safe, all of the locks had to be replaced because the master key was in the safe and was missing after the burglary, and the door of the safe was destroyed. Simon testified that her insurance company replaced the safe at a cost of $1,254. She testified that the safe had been in Berman's since 1977 when she became her husband's partner. She did not know how old the safe was or its value. She only knew its replacement cost.

In ordering the amount of restitution, the trial court rejected defendant's argument that he should only be responsible for the safe's fair market value and not its replacement cost. The trial court ruled that, since defendant had failed to present any evidence of the value of the safe, it was proper to adopt the replacement figure quoted by Simon.

On December 15, 1992, the trial court denied defendant's motion for reconsideration of the restitution amount. Defendant filed a timely notice of appeal. On February 25, 1994, we reversed the trial court's denial of defendant's motion and remanded this cause to the trial court for new proceedings in full compliance with Supreme

Court Rule 604(d) (145 Ill. 2d R. 604(d)). On June 21, 1994, defendant's attorney filed his Rule 604(d) certificate. Defendant reinstated his motion to reconsider, and the trial court denied the motion. Defendant filed a timely notice of appeal.

On appeal, defendant argues that the trial court erred in using the replacement cost rather than the fair market value in determining the amount of restitution for the safe. We disagree.

Defendant argues that the trial court should have determined the fair market value of the old safe rather than accepting the replacement cost as the amount of restitution. Defendant bases his contention on *In re F.D.*, 89 Ill. App. 3d 223, 230 (1980), in which we held that the appropriate measure of restitution is the fair market value of the item at the time of the offense. The fair market value standard was also utilized in *People v. Morrison*, 114 Ill. App. 3d 828 (1983).

In the present case, we find that the trial court's reliance on the value assigned to the safe by the insurance company was proper. Apparently, the items in *In re F.D.* and *Morrison* were primarily depreciable items. A safe, however, is not subject to substantial mechanical deterioration. Therefore, its life-span is indefinite. Accordingly, the trial court could have concluded that the safe's fair market value was its replacement cost. See *People v. Ensley*, 132 Ill. App. 3d 842, 844 (1985). We point out that defendant had an opportunity to offer evidence to prove that the replacement expense differed from the fair market value. Defendant offered no such evidence.

Moreover, effective July 1, 1984, well after our decision in *In re F.D.*, section 5—5—6(b) of the Unified Code of Corrections, which authorizes restitution, was amended to expand a defendant's liability for restitution. See Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(b) (now 730 ILCS 5/5—5—6(b) (West 1994)). At the time we decided *In re F.D.*, section 5—5—6(b) provided:

"(b) Restitution shall be made in an amount not to exceed the actual out of pocket expenses or loss to the victim proximately caused by the conduct of the defendant to be payable over a period not to exceed 5 years." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6(b).

Section 5—5—6(b) now provides in relevant part:

"(b) In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the

same criminal conduct of the defendant, and insurance carriers who have indemnified the named victim or other victims for the out-of-pocket expenses, losses, damages, or injuries ***." 730 ILCS 5/5—5—6(b) (West 1994)).

The cases defendant cites which were decided after the amendment do not address the issue of how the amendment affects the determination of "out-of-pocket expenses" for the purpose of restitution. Moreover, our research has not revealed any cases which have addressed this issue.

Even if we were to conclude that the trial court's determination of restitution would have been erroneous under the statute applicable in *In re F.D.*, we conclude that the trial court's determination of restitution was appropriate under the amended statute, which allows restitution for the "out-of-pocket expenses" of insurance companies that have indemnified the victim. Although the "out-of-pocket expenses" of the insured may be measured by the fair market value of the stolen or damaged property, the "out-of-pocket expenses" of an insurance company are measured by the terms of the insurance policy. Pursuant to the policy, the insurance company in the present case reimbursed the victim for the replacement cost of the safe. Accordingly, we conclude that the trial court did not err in considering the replacement cost in determining the amount of restitution.

For the foregoing reasons, we affirm the judgment of the circuit court of Boone County.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.