COMMONWEALTH of Pennsylvania,
Appellee,

v.

Robert GUERRA, Appellant.

Superior Court of Pennsylvania.

Submitted March 25, 2008.
Filed Aug. 12, 2008.

Michael J. Malloy, Media, for appellant.

Vram Nedurian, Jr., and George M. Green, Asst. Dist. Attys., for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., PANELLA and KELLY, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Robert Guerra ("Guerra") appeals from the order entered on May 1, 2007, by the Honorable Patricia H. Jenkins, Court of Common Pleas of Delaware County, which denied his petition to reinstate credit towards restitution. After careful review, we affirm.

¶ 2 On September 9, 2001, Guerra pled guilty to third degree murder and related charges. These charges arose from his criminal conduct on the evening of December 26, 2000. On that evening, an innocent woman, Marjorie A. Silli, lost her life be-

cause Guerra chose to ingest large amounts of cocaine and alcohol and then operate his motor vehicle.

¶ 3 The record reveals that Guerra was traveling on West Chester Pike in Haverford Township when he rear-ended another vehicle driven by Joseph Michalcyzk. Guerra fled the scene of the accident and, in an attempt to evade detection, disengaged the headlights in his vehicle. Moments later, Guerra drove through a red traffic light, colliding with a Toyota Paseo legally crossing the intersection, killing the driver, Silli.

¶ 4 On November 5, 2001, the trial court sentenced Guerra to a period of not less than six nor more than twelve years imprisonment. The trial court also imposed a restitution order to both the victim's parents, Marjorie M. Silli and George L. Silli, on behalf of the decedent, as well as Joseph Michalczyk. The amended restitution order, stipulated to by the parties, was entered on December 5, 2001, wherein restitution in the amount of $20,220.00 was ordered to the decedent's parents and $1,550.00 was awarded to Michalcyzk. The legality of the sentence imposed on Guerra was not challenged on direct appeal.

¶ 5 On September 4, 2003, George L. Silli and Marjorie M. Silli, as co-administrators of the Estate of Marjorie A. Silli, entered into a civil settlement agreement with Guerra in consideration of the sum of $100,000.00 paid by AAA–Mid–Atlantic Insurance Group, Guerra's insurer. As part of the settlement agreement, Guerra, his parents and AAA–Mid–Atlantic Insurance Group were released from "all claims, damages, actions, causes of action, and suits of whatever kind, known or unknown, prior to an including the date hereof, for all injuries resulting or to result, and especially the liability arising from accident." Defendant's Petition to Reinstate Credit Towards Restitution, Exhibit "A" Release, 9/4/03.

¶ 6 On that same date, George L. Silli and Marjorie M. Silli, as co-administrators of the Estate of Marjorie A. Silli, entered into a second civil settlement agreement with Guerra in consideration of the sum of $3,250.49 paid by AAA–Mid–Atlantic Insurance Group, Guerra's insurer. As part of the settlement agreement, Guerra, his parents and AAA Mid–Atlantic Insurance Group were released from all property damage claims for the 1993 Toyota Paseo arising from the December 26, 2000 accident. Defendant's Petition to Reinstate Credit Towards Restitution, Exhibit "B" Release, 9/4/03.

¶ 7 On July 18, 2005, nearly two years following the civil settlement, Delaware County Court Financial Services, without authorization or order by the trial court, but, rather, at Guerra's directive, declared Guerra's restitution paid in full upon receipt of the civil settlement releases provided by Guerra. The District Attorney's Office objected to the unilateral credit after which Court Financial Services reinstated Guerra's restitution and recomputed it at $19,068.13 to George L. Silli and Marjorie M. Silli as co-administrators of the Estate of Marjorie A. Silli, and $398.39 to Michalcyzk.

¶ 8 Approximately two years later, on March 21, 2007, Guerra filed a petition to reinstate credit towards restitution wherein Guerra argued that full credit for restitution should be applied based upon the civil settlement agreements executed in September, 2003. Following a hearing on May 1, 2007, the trial court denied Guerra's petition. Guerra subsequently filed a petition for reconsideration on May 22, 2007, which the trial court denied on May 29, 2007. This timely appeal followed.

¶ 9 On appeal, Guerra raises the following issue for our review:

> Did the lower court err in failing to reinstate and give Appellant credit for the monies paid to the victim's parent (to whom restitution was ordered at sentencing) as part of a Release–Settlement executed and entered by and between the victim's parents and the Appellant.

Appellant's Brief at 4 (italics omitted). Guerra's sole issue is, in essence, that he is entitled to full credit for restitution because the victim's family received a civil settlement from Guerra's insurer, AAA–Mid–Atlantic Insurance Group. We disagree.

¶ 10 It is well-settled in the Commonwealth of Pennsylvania that restitution can be imposed either as a condition of probation or as a direct sentence. *Commonwealth v. Erb*, 286 Pa.Super. 65, 428 A.2d 574, 578 (1981). This Court succinctly explained in *Commonwealth v. Kerr*, 298 Pa.Super. 257, 444 A.2d 758 (1982), the purpose and intent of the statutes authorizing restitution. Specifically, the *Kerr* Court stated:

> As a sentence, or a condition of sentence, imposed following a criminal conviction, an order of restitution is not an award of damages. While the order aids the victim, its *true purpose*, and the *reason*, for its imposition, is the rehabilitative goal it serves by impressing upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so.

*Kerr, supra*, 444 A.2d at 760.

¶ 11 We recognize, along with the trial court, that in this case the order of restitution was not made to a "victim" as defined by the legislature under 18 PA. CONS. STAT.ANN. § 1106, but, rather, to the parents of the decedent victim, and we agree with the trial court that, *In re*

*B.T.C.*, 868 A.2d 1203 (Pa.Super.2005), is controlling on this issue.

¶ 12 *In re B.T.C.* is analogous to the present case. In that case, the juvenile defendant was charged with homicide by motor vehicle after he lost control of his vehicle, while attempting to pass another vehicle in a "do not pass" zone, and collided with a third vehicle, killing both occupants. At the dispositional hearing, the trial court imposed a restitution order in the amount of $17,188.80 to cover the costs of the victims' funeral expenses. On appeal, B.T.C. challenged the trial court's restitution order claiming that restitution was unlawfully ordered because it was duplicative of monies already paid to the victims' family through a civil settlement. In affirming the trial court's restitution order, this Court found that since B.T.C.'s actions resulted in the deaths of two innocent people it was well within the discretion of the trial court to find that a rehabilitative goal was served by making B.T.C. make restitution for the costs of their funerals. *Id.*, at 1205–1206. In reaching this decision, this Court focused on the intent and purpose of the restitution statutes as outlined by the *Kerr* Court.

¶ 13 Applying the principles announced in *Kerr* and *In re B.T.C.*, to the case *sub judice*, it is evident that the insurance payments made to George L. Silli and Marjorie M. Silli, as co-administrators of the Estate of Marjorie A. Silli, as part of the civil settlement agreement, cannot be credited toward restitution. To do so would contravene the rationale behind an award of restitution. Guerra, by his own criminal actions, recklessly operated a motor vehicle, while severely impaired by both cocaine and alcohol, resulting in the untimely death of Marjorie Silli. As such, there is clearly a need to impress upon Guerra the loss he has caused the decedent's family. In an effort to ameliorate

the loss, or in the very least, the costs associated with the loss, the trial court properly ordered restitution to the decedent's parents as co-administrators of her estate.

█ ¶ 14 Moreover, we find the Court's decision in *Commonwealth v. Pleger*, 934 A.2d 715 (Pa.Super.2007), another similar case, controlling on the issue of releases in civil settlement agreements. In *Pleger*, we determined that the execution of a general release upon obtaining a civil settlement with the victim's family is irrelevant for purposes of the trial court's determination of the amount of restitution to be imposed as part of the defendant's sentence. *Id.*, 934 A.2d at 720–721. Further, we concur with the rationale of this Court in *Pleger* that "the victim can no more release [appellee] from a potential sentence of restitution than from a potential sentence of incarceration or probation. All such matters are within the sentencing court's authority and duty. It was not for the victim to circumscribe the criminal court's powers or obligations." *Id.*

¶ 15 Accordingly, based upon the foregoing, we find the trial court did not err in denying Guerra's petition to reinstate credit towards restitution. The fact that a civil settlement agreement was reached by the parties has no bearing on the court-ordered restitution.

¶ 16 Order affirmed.