**In the Interest of B.P.Y.,
a Minor, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1998.
Filed May 19, 1998.

Joseph M. Kecskemethy, Butler, for appellant.

William T. Fullerton, Asst. Dist. Atty., Butler, for Com., participating party.

Before DEL SOLE, HUDOCK and ORIE MELVIN, JJ.

DEL SOLE, Judge:

Appellant B.P.Y. was detained by a juvenile petition which alleged that he committed involuntary deviate sexual intercourse, rape, terroristic threats, aggravated indecent assault and simple assault. At the time scheduled for adjudication, the Commonwealth moved to amend the petition to include additional counts of the above offenses as well as one count of stalking. B.P.Y. then entered a plea of *nolo contendere* to aggravated assault. He was released on electronic monitoring pending disposition. At the disposition hearing, the court ordered placement in Adelphoi Village's Sexual Offenders Group Home. This appeal followed.

■ Appellant raises five issues on appeal. However, we need to deal with only one: whether the court erred in accepting a *nolo contendere* plea in juvenile court. Because the Juvenile Act makes no provision for such a plea, we must vacate the order and remand for further proceedings.

■ A petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6361. *Interest of Bosket*, 404 Pa.Super. 265, 590 A.2d 774 (1991). Dispositions which are not set forth in the Act are beyond the power of the juvenile court. *Id., Interest of Frey*, 248 Pa.Super. 322, 375 A.2d 118 (1977). In *Bosket*, for example, this court held that the juvenile court had no authority to place a juvenile on probation without verdict pursuant to section 17 of the Controlled Substance Act. In *Frey*, we held the juvenile court could not impose restitution on a juvenile because there is no provision authorizing restitution in the Juvenile Act.

Under the Act, petitions may be disposed of in three ways: by informal adjustment, 42 Pa.C.S.A. § 6323, by consent decree, 42 Pa. C.S.A. § 6340, or by hearing, 42 Pa.C.S.A. §§ 6336, 6341. There is nothing in the Act which allows a juvenile to plead guilty or *nolo contendere*. Reliance on Pa.R.Crim.P.

319 and the case law developed thereunder to support Appellant's plea is wholly inappropriate as the Rules of Criminal Procedure do not apply to juvenile proceedings. Pa. R.Crim.P. 1.

In *Interest of Bradford*, 705 A.2d 443 (Pa.Super.1997), the juvenile had admitted the conduct and, on appeal, sought to withdraw the admission as an adult defendant would withdraw a guilty plea. Our distinguished colleague Judge Tamilia demonstrated the irrelevance of the Rule 319 plea procedure to juvenile proceedings and noted "it is not possible to adjust the rights and procedures of a juvenile proceeding to the requirements of a plea procedure." *Id.* at 445. Importantly, the juvenile court therein had, despite the juvenile's admission, heard the testimony of the school police and the accomplice which, standing alone, was sufficient to sustain the adjudication of delinquency.

Here the trial court did not take testimony or make findings and an adjudication as required by the Juvenile Act. Rather, the proceeding resembled adult criminal court which is contrary to both the letter and the spirit of the Juvenile Act. Therefore, we must vacate the order and remand for an appropriate hearing as set forth in the Juvenile Act.

Order vacated. Case remanded. Jurisdiction relinquished.