963 A.2d 489 (2008)
COMMONWEALTH of Pennsylvania, Appellee
v.
C.L., A Minor, Appellant.
No. 1693 MDA 2007.
Superior Court of Pennsylvania.
Argued August 20, 2008.
Filed December 17, 2008.
*490 Chad M. Salsman, Towanda, for appellant.
Francis D. Rineer, Jr., Assistant District Attorney, Towanda, for Commonwealth, appellee.
BEFORE: GANTMAN, SHOGAN and KELLY, JJ.
OPINION BY KELLY, J.:
¶ 1 Appellant, C.L., a minor, appeals from the order entered in the Court of Common Pleas of Bradford County denying his petition for waiver of Victims of Juvenile Offenders (VOJO) fee. We vacate the order, finding that the trial court does not have statutory authority to impose fees on juveniles who are accused of delinquency, maintain their innocence, reject informal resolution, and are ultimately not adjudicated delinquent.
¶ 2 After a complaining witness made a delinquency accusation against Appellant, the Bradford County Probation Department conducted an intake interview with him on February 12, 2007.[1] Following this interview, a juvenile petition was filed by a Pennsylvania State Trooper charging Appellant with indecent assault, a violation of 18 Pa.C.S.A. § 3126(a).
*491 ¶ 3 On April 16, 2007, the parties held a "Phase II Conference," at which they were unable to resolve the matter informally. An adjudication hearing was scheduled for June 6, 2007. At the hearing, the Commonwealth moved to dismiss the petition due to the fact that the complaining witness recanted her accusation against Appellant. The court dismissed the petition without prejudice, and over the objection of counsel, ordered Appellant to pay a fifty dollar fee into a Victims of Juvenile Offenders (VOJO) fund.[2]
¶ 4 Subsequently, on June 12, 2007, Appellant filed a petition for waiver of VOJO payment, alleging that the trial court had no authority to impose a VOJO fee because he had not been given a consent decree or informal adjustment, nor found delinquent. Appellant also asserted his innocence. The trial court scheduled Appellant's petition for a hearing, limited to the factual question of whether Appellant was "actually innocent." The next day, Appellant filed a petition for expungement of juvenile records. The Commonwealth did not object, and the trial court granted the petition.
¶ 5 On September 17, 2007, a hearing on Appellant's VOJO fee waiver petition was held. At the hearing, the court placed the burden of proof on Appellant. After the hearing, the trial court entered an order denying Appellant's petition. Appellant timely appeals from that order.
¶ 6 The trial court filed a 1925(a) opinion on December 12, 2007. In the opinion, the trial court stated that the VOJO fee imposed on Appellant was a statutorily authorized informal adjustment. (See Trial Ct. Op., 12/31/07, at 2). We disagree.
¶ 7 Whether the trial court had authority to impose a fee on Appellant in the instant case is a question of law. With regard to questions of law, this Court's scope of review is plenary and the standard of review is de novo. See Commonwealth v. Leidig, 956 A.2d 399, 403 (Pa. 2008).
¶ 8 Appellant argues that the trial court had no authority to impose a VOJO fee on him because (1) informal adjustments cannot be imposed after a juvenile petition has been filed, and (2) he never consented to the informal adjustment. Additionally, Appellant argues that the trial court erred by placing the burden of proving actual innocence on him at the VOJO fee waiver petition hearing.
¶ 9 Appellant's first argument is that trial courts cannot impose informal adjustments after a juvenile petition has been filed. While we decline to accept this argument as a definitive statement of the law, we find that the trial court did not have statutory authority to impose an informal adjustment on Appellant in the instant case.
¶ 10 The Juvenile Act, 42 Pa.C.S.A. §§ 6301-6365, "encompasses the entire statutory scope of authority and discretion of the juvenile court to exercise jurisdiction over children as defined by the act." Commonwealth v. J.H.B., 760 A.2d 27, 30 *492 (Pa.Super.2000), appeal denied, 565 Pa. 639, 771 A.2d 1280 (2001). Section 6323 addresses "Informal Adjustment," but does not specifically define the term, nor explicitly state when an informal adjustment may be ordered.[3] 42 Pa.C.S.A. § 6323. Rather, § 6323(a)(1) simply mandates what actions probation officers dealing with a "dependent child" as defined by § 6302(1), (2), (3), (4), (5), and (7) "shall" take "[b]efore a petition is filed," while § 6323(a)(2) lists what actions "may" be taken by probation officers "in the case of a delinquent child, or a dependent child" as defined by § 6302(6). 42 Pa.C.S.A. § 6323(a)(1), (2). Subsection (f) provides that the terms and conditions of an informal adjustment may include "contribution to a restitution fund established by the president judge of the court of common pleases pursuant to § 6352(a)(5)." 42 Pa. C.S.A. § 6323(f).
¶ 11 Section 6323 does not define "delinquent child." However, § 6302 provides that "[t]he following words and phrases when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section" and then proceeds to define "delinquent child" as a child "whom the court has found to have committed a delinquent act...." 42 Pa.C.S.A. § 6302. The Official Comment to § 6302 explains that the
definition of "delinquent child" derives from Section 2(3) of the Uniform Act where it is stated, in part that ... "[b]efore the child can be characterized as a `delinquent child' he must be found (1) to have committed a `delinquent act' and (2) to be in need of treatment or rehabilitation. The first finding is made in the adjudicative hearing on the merits of the allegations of delinquent acts ascribed to the child and involves all of the due process of law safeguards...."
42 Pa.C.S.A. § 6302 Official Comment. In Pennsylvania, an "adjudicative hearing on the merits of the allegations of delinquent acts ascribed" to a juvenile cannot occur until after a petition has been filed. Therefore, by permitting probation officers to take certain actions with regard to a "delinquent child," it is clear that § 6323(a)(2) authorizes trial courts to order an informal adjustment after a petition has been filed if the juvenile is found to be a "delinquent child" at an adjudicative hearing.[4] Here, however, Appellant was *493 not adjudicated delinquent after the petition was filed. Therefore, § 6323(a)(2) did not provide statutory authority for the order,[5] and the order must be vacated.[6]See In the Interest of R.D.R., 876 A.2d 1009, 1016 (Pa.Super.2005) ("Where a court does not have statutory authority to order a particular act, the order must be vacated.") (citation omitted).
¶ 12 Moreover, we agree with Appellant's corollary argument that the fee imposed could not be an informal adjustment as that term is intended by § 6323 because he did not consent to the fee. While the Juvenile Act does not explicitly require minors to consent to informal adjustments, this court has asserted that "[w]hatever [informal adjustment] procedure is undertaken flows from the consent of the child and his parent." J.H.B., supra, at 32. A consent requirement is consistent with the underlying purpose of informal adjustments, which is to "provide assistance, counseling and supervision...." Id. Informal adjustments are not meant to be punitive in nature, but, rather, are meant to "invoke[] the court's social service and supervisory resources without implicating the court's formal and coercive powers, including the power to commit the child to custody or confinement." Id. Therefore, although § 6323 is admittedly vague as to the requisites for ordering an informal adjustment, we agree with Appellant that the statute did not authorize the trial court to impose the fee over his objection,[7] particularly since the petition was dismissed for lack of evidence. Accordingly, the trial court's order is vacated.
¶ 13 This Court's reasoning in J.H.B. supports our resolution of the instant issue. In J.H.B., after a juvenile petition had been filed and the juvenile admitted his guilt, defense counsel sought informal resolution of the matter. J.H.B., supra, at 28. Because the Commonwealth would not agree to an informal resolution, the trial court was precluded from entering a consent decree. Id. In an attempt to circumvent the Commonwealth's reluctance *494 to agree to informal resolution of the matter, the trial court attempted to dispose of the case by ordering an informal adjustment over the Commonwealth's objection. Id. On appeal, this Court stated that the trial court did not have statutory authority to dispose of the case by informal adjustment because informal adjustment is a "pre-petition procedure," and because the Commonwealth objected to such disposition. Id. at 32-33.
¶ 14 Here, a juvenile petition was filed against Appellant. Despite the Commonwealth's concession that it had insufficient evidence to proceed against Appellant,[8] the trial court unilaterally[9] sought to impose a penalty on Appellant in the form of a VOJO fee over the objection of Appellant's counsel. Just as the trial court in J.H.B. was not authorized to order unilaterally an informal adjustment over the Commonwealth's objection after a juvenile petition had been filed, we find, as Appellant correctly argues, that the trial court in the instant case did not have statutory authority to order unilaterally an informal adjustment over Appellant's objection after the juvenile petition had been filed and dismissed for lack of evidence.
¶ 15 Finally, we note that the trial court's order violates Appellant's constitutional rights. It is axiomatic that a court cannot impose a sentence without an adjudication of guilt. See Commonwealth v. Paige, 287 Pa.Super. 133, 429 A.2d 1135, 1140 n. 3 (1981) ("Since a court has no power to impose a sentence that is not based on a determination of guilt, any sentence imposed without such a determination is illegal."). In the context of criminal proceedings, this Court has made clear that "restitution is simply not an award of damages, but, rather, a sentence." Commonwealth v. Pleger, 934 A.2d 715, 720 (Pa.Super.2007) (citation omitted). We acknowledge that proceedings under the Juvenile Act are "radically different" from criminal proceedings. See In Interest of Bradford, 705 A.2d 443, 445 (Pa.Super.1997), appeal denied, 555 Pa. 715, 724 A.2d 932 (1998). Nevertheless, this Court has made clear that "[i]n juvenile proceedings, constitutional due process guarantees a juvenile almost the full panoply of constitutional protections afforded at an adult criminal trial." In Interest of J.F., 714 A.2d 467, 470 (Pa.Super.1998), appeal denied, 557 Pa. 647, 734 A.2d 395 (1990), cert denied, 528 U.S. 814, 120 S.Ct. 49, 145 L.Ed.2d 44 (1999).
¶ 16 Here, despite the fact that the Commonwealth moved to dismiss the petition against Appellant because it had no evidence of any wrongdoing, the trial court nevertheless ordered Appellant to pay a VOJO fee pursuant to the Bradford County Juvenile Court VOJO Restitution Fund Guidelines over counsel's objection. (See Bradford County Guidelines) (emphasis added). Just as constitutional due process prohibits courts from imposing sentences, including restitution, on criminal defendants who are not found guilty, see Pleger, supra, Paige, supra, we find that constitutional *495 due process prohibited the trial court from imposing a restitution fee on Appellant when the petition against him was dismissed. See In Interest of J.F., supra.
¶ 17 We also note our confusion at the trial court's assertion that it was authorized to impose the restitution fee on Appellant because he did not establish his own innocence. "It is beyond cavil that an accused in a criminal case is clothed with a presumption of innocence and that the burden of proof in establishing guilt rests with the Commonwealth. The quantum of proof ... never shifts from the Commonwealth to the accused." Commonwealth v. Bishop, 472 Pa. 485, 372 A.2d 794, 796 (1977). See also Commonwealth v. Cosnek, 575 Pa. 411, 836 A.2d 871, 874 (2003) ("It is the continuing presumption of innocence that is the basis for the requirement that the state has a never shifting burden to prove guilt...."). Again, although we acknowledge that juvenile proceedings are admittedly different from criminal proceedings, see In Interest of Bradford, supra, it is indisputable that juveniles must be afforded the same presumption of innocence as adult criminal defendants. See In Interest of J.F., supra; In re R.M., 567 Pa. 646, 790 A.2d 300, 304-05 (2002) ("Although by design juvenile proceedings are characterized by a degree of informality and flexibility, where constitutionally protected interests are at stake, the Due Process Clauses of the United States Constitution impose a requirement of fundamental fairness."). We therefore reject the trial court's assertion that it was authorized to impose a fee on Appellant due to his failure to establish his own innocence.[10]
¶ 18 Order vacated.
¶ 19 Gantman, J. concurs in the result.
NOTES
[1] Pursuant to the Pennsylvania Rules of Juvenile Court Procedure, after receiving a written allegation of delinquency, a juvenile probation officer may conduct an intake conference to determine what further action, if any, should be taken. See Pa.R.J.C.P. 310, 311.
[2] By order dated March 19, 2007, the President Judge of the Bradford County Court of Common Pleas established a VOJO fund pursuant to 42 Pa.C.S.A. § 6352(a)(5). The order established guidelines which provide, in pertinent part, that "[t]he Probation Department will assess a one-time minimum fee of fifty ($50.00) dollars for all cases referred to the Probation Department where the only disposition rendered is an informal adjustment or an adjustment at the intake level with no further action taken or sanctions imposed, except that no fee will be assessed in the case of a dismissal granted on the juvenile's actual innocense [sic], rather than the mere insufficiency of the evidence." (See Bradford County Guidelines at Fund Revenue (b)).
[3] The few cases which have addressed the availability of informal adjustment after a juvenile petition is filed have come to inconsistent conclusions. In J.H.B., supra, this Court initially stated, without citing any legal authority, that an informal adjustment is available "before a petition is filed or if the petition is dismissed for failure of the Commonwealth to establish the charges alleged in the petition." J.H.B., 760 A.2d at 29 (emphasis in original). However, later in the same opinion the Court asserted, again without citing any legal authority, that an "informal adjustment is not permitted to proceed after a petition is filed." Id. at 32. Prior to J.H.B., this Court noted in In the Interest of B.P.Y., 712 A.2d 769 (Pa.Super.1998), that juvenile "petitions may be disposed of ... by informal adjustment...." Id. at 770. Obviously, an informal adjustment cannot dispose of a juvenile petition until after a petition has been filed. However, in In Interest of John W., 300 Pa.Super. 293, 446 A.2d 621 (1982), this Court stated that "§ 6323 of 42 Pa.C.S.A. indicates that an informal adjustment occurs before the filing of a petition." Id. at 623 (emphasis in original).
[4] We note that in addition to granting informal adjustment authority after a petition has been filed in the case of a delinquent child, § 6323(a)(2) also appears to grant trial courts authority to order an informal adjustment after a petition is filed "in the case of ... a dependent child where the jurisdiction of the court is permitted under paragraph (6) of the definition of `dependent child' in section 6302...." Section 6323(a)(2) grants informal adjustment authority without specifying when it may be ordered; § 6323(a)(1), on the other hand, specifies that an informal adjustment "shall" be ordered "[b]efore a petition is filed." Because the legislature granted statutory authority to order an informal adjustment on a dependent child as defined by § 6302(6) under (a)(2), rather than under (a)(1), which grants informal adjustment authority for probation officers dealing with dependent children as defined by § 6302(1) through (5) and (7), it apparently intended to grant trial courts authority to order an informal adjustment after a petition has been filed.
[5] The other provisions of § 6323 are likewise unsupportive of the trial court's position. Because § 6323(a)(1) clearly states that an informal adjustment "shall" be ordered "[b]efore a petition is filed," it could not have provided statutory authority for the trial court to impose the fee after the petition had been filed and subsequently dismissed for lack of evidence. Also, because there were no allegations of dependency in the trial court, much less any findings of dependency, the clause in § 6323(a)(2) granting informal adjustment authority "in the case of . . . a dependent child where the jurisdiction of the court is permitted under paragraph (6) of the definition of `dependent child' in section 6302 ...." did not provide statutory authority.
[6] In its brief, the Commonwealth concedes that "Pennsylvania law does not appear to support the contribution requirement in the instant case." (See Commonwealth's Brief at 2).
[7] We disagree with the trial court's assertion that Appellant implicitly consented to pay the VOJO fee by not insisting on a trial to establish his innocence when the Commonwealth moved to dismiss the petition. (See Trial Ct. Op., supra, at 3). Appellant's counsel specifically objected to the fee when it was initially ordered. (See Commonwealth's Brief at 4). Furthermore, as explained in the text below, it is a constitutional violation to impose a fee on a juvenile who has not been adjudicated delinquent simply because the juvenile has not established his own innocence.
[8] In its brief, the Commonwealth asserts that "the petition was dismissed not because the Commonwealth failed to make out its case, but because the Commonwealth realized at time of adjudication that it had no case due to the victim/witness having shortly before the hearing recanted its [sic] story as to Appellant Minor's culpability." (See Commonwealth's Brief at 5) (emphasis added).
[9] At no point did the Commonwealth recommend to the trial court that a fee be imposed on Appellant. In fact, the Commonwealth admits in its brief that "[p]ayment of money into the VOJO fund was not contemplated by the Commonwealth at time of dismissal, as the Commonwealth believed that such a penalty was not authorized by the Pennsylvania Juvenile Act." (See Commonwealth's Brief at 5).
[10] We acknowledge the fact that the fee imposed in the instant case was mandated by the Bradford County Guidelines, which direct trial judges in that county to impose a fee on juveniles who have been referred to the probation department even if the case is dismissed, unless the juvenile proves his actual innocence. (See Bradford County Guidelines at Fund Revenue (b)). While we do not have jurisdiction instantly to vacate the order which created the guidelines, we note that the guidelines are not statutorily authorized and offend constitutional protections inasmuch as they direct trial judges to impose fees on juvenile defendants who maintain their innocence, refuse to consent to informal resolution, and are never adjudicated delinquent, even if the juvenile petition is dropped for "mere insufficiency of the evidence." Id.