**RULE 407.  ADMISSIONS**

A. **Admissions.**  At any time after a petition is filed, the juvenile may tender an admission to some or all of the delinquent acts charged.

　1) **Requirements.**

　　a) Before the court can accept an admission, the court shall determine that the admission is knowingly, intelligently, and voluntarily made.

　　b) As a part of this determination, the court shall ensure:

　　　i) an attorney has reviewed and completed the admission colloquy with the juvenile pursuant to paragraph (C); and

　　　ii) there is a factual basis for the admission.

　　c) At the hearing, the court shall conduct an independent inquiry with the juvenile to determine:

　　　i) whether the juvenile understands the nature of the allegations to which he or she is admitting and understands what it means to admit;

　　　ii) whether the juvenile understands that he or she has the right to a hearing before the judge and understands what occurs at a hearing;

　　　iii) whether the juvenile is aware of the dispositions that could be imposed and the consequences of an adjudication of delinquency that can result from an admission;

　　　iv) whether the juvenile has any questions about the admission; and

　　　v) whether there are any other concerns apparent to the court after such inquiry that should be answered.

　2) **Agreements.**  If the parties agree upon the terms of an admission, the tender shall be presented to the court.

3) **Court [a]Action.**  If the court accepts the tender, the court shall enter an order incorporating any agreement.  If the court does not accept the tender, the case shall proceed as if no tender had been made.

4) **Limitations on [w]Withdrawals.**  An admission may be withdrawn prior to the court entering the dispositional order.  After the court has entered the dispositional order, an admission can be withdrawn only upon a demonstration of manifest injustice.

B. **Incriminating [s]Statements.**  An incriminating statement made by a juvenile in the discussions or conferences incident to an admission that is not ultimately accepted by the court or otherwise permitted to be withdrawn by the court shall not be used against the juvenile over objection in any criminal proceeding or hearing under the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*

C. **Written [a]Admission [c]Colloquy.**  If a juvenile is making an admission, the colloquy shall be:

1) in writing;

2) reviewed and completed with the juvenile by an attorney;

3) submitted to and reviewed by the court; and

4) substantially in the following form:

**ADMISSION <u>COLLOQUY</u> FORM**

**In re**                             :            \_\_\_\_\_ JD _____
        **(Juvenile)**              :
                                  :      **Delinquent Act(s): _____**
                                  :       _____
                                  :       _____
                                  :       _____

Answer all of the questions on this form. If you do not understand any question, leave it blank and ask your lawyer or the judge.

I admit that I did the following things (attorney shall list the delinquent acts, grading of acts, and counts):_____
_____
_____
_____

**General Information:**

1)      What is your full name?_____

2)      Do you have any other name or nickname?_____
           If yes, state: _____

3)      How old are you today? _____

4)      What grade are you in? _____

5)      Can you read, write, and understand English? _____ **<u>(if yes, go to #6)</u>**

          a) If you cannot read, has someone read this form to you? _____

          If so, who? _____(print name)

          _____
          (signature of reader verifies that the form has been read to the juvenile)

          b) If you do not read English, have you been given a translator or a lawyer who speaks your language? _____

          c) Did your translator or lawyer read this form to you and explain it? _____

If so, who? _____(print name)

_____
(signature of reader verifies that the form has been read to the juvenile)

**Knowing and Voluntary Admission:**

6) Are you now a patient in a mental hospital **[or institution]**? _____

    a) If yes, where? _____

    b) Are you being treated for a mental illness **[(which is an illness that causes you to see a doctor for different behavior)]**? _____

    c) If yes, what are you being treated for?_____

7) Have you taken any drugs or alcohol yesterday or today that do not make you think clearly?_____
    If yes, specify type of drugs and/or alcohol: _____

8) Has anyone threatened or forced you to sign this form? _____
    If yes, explain: _____

9) Have you been promised anything for this admission?_____
    If yes, explain: _____

**Understanding the Admission:**

10) Has your lawyer told you what you did was against the law **[(delinquent act)]**? _____

11) By admitting what you did, do you understand that you are giving up:

    a) the right to be presumed innocent**,** which means the judge does not think you broke the law until the D.A. (District Attorney) proves beyond a reasonable doubt that you broke the law (a reasonable doubt is a belief that it is very possible you did not break the law);_____

    b) the right to a hearing by a fair judge**[, which means the judge will listen to what everyone has to say and look at all the evidence before deciding]**; _____

c) the right to remain silent and your silence cannot be held against you**[, which means you will not be punished for not speaking]**; _____

d) the right to **[be heard, which means you may]** tell the judge your side of the story **[if you want]**; _____

e) the right to **[face and cross-examine witnesses, which means you can]** ask **[all]** witnesses questions; _____

f) the right to present witnesses or evidence to help tell your side of the story, but you do not have to do anything; _____

g) the right to **[challenge evidence against you, which means you]** tell the judge you disagree with something; _____

h) the right to **[make objections and]** ask **[for rulings, which means]** the judge **[decides]** <u>to decide</u> if he or she should hear certain **[evidence]** <u>**things**</u>; and _____

i) the right to have **[another court, which is an appellate court,]** <u>a higher court</u> review this judge's decision. _____

12) Do you understand if the judge accepts your admission and believes you need help <u>**(finds you delinquent)**</u> **[("treatment, rehabilitation, and supervision")]**, the judge may **[find you delinquent, which means that you broke the law and need]** <u>**make you get**</u> help? _____

**Possible Consequences of Adjudication of Delinquency:**

13) Do you understand that if you are found delinquent, the judge may make you pay money and place you outside of your home or on probation until you turn 21 years old? _____

14) Are you aware that if you are admitting to _____
_____
that your driving license will be suspended now or in the future (which means you will not be able to drive)?
(lawyer shall write acts on this line, cross off, or write n/a).

15) Do you understand that this case can be used against you in the future? For example, if you break the law again, you may get a longer sentence in jail. _____

16) Do you understand that if you are found delinquent, other people may find out about it?  You may also have to tell people, including colleges, military recruiters, or employers? _____

17) Do you understand that if you are not a U.S. citizen, it may cause problems, which could include being forced to leave the U.S.? _____

**Admission Agreements:**

18) Are you aware that the judge does not have to accept any agreement between you and the **[D.A.] District Attorney**? _____ (write n/a if no agreement)

**19)** **If you change your mind about admitting to the charges before the judge decides your disposition or consequences, then you can ask the judge to let you take back your admission.**

**Appeals:**

**[19)] 20)** If you are found delinquent after this admission, you can have a higher court review your case for **only** three reasons:

a) **[Your admission was not knowingly, intelligently, and voluntarily made, which means you did not understand this admission or were forced to admit]** **You did not understand this admission or you were forced to admit**; _____

b) The court **[did not have jurisdiction, which means it]** was not the proper court to take your admission; or _____

c) The judge's **[disposition of the charge(s), which means what the judge is going to do with you (like a sentence in adult court),]** **disposition or consequence** is more than the biggest punishment an adult would get for the same crime. _____

If you do not admit, do you understand you have other rights? _____

**Lawyer's Representation and Opportunity to Speak with Guardian**

**[20)] 21)** Are you okay with what your lawyer did for you and how he or she explained everything? _____

**[21)] 22)** Did you talk with your parent or guardian about admitting **to** the charge(s)? _____

I promise that I have read **[this] <u>the</u>** whole form or someone has read **[this] <u>the</u>** form to me.  I understand it.  I am telling the truth.  I am saying that I have done the things on page 1.  I believe that this admission is best for me.  The signature below and initials on each page of this form are mine.


_____
JUVENILE


_____
DATE


I, _____, lawyer for the juvenile, have reviewed this form with my client.  My client has told me and I believe that he or she understands this form.


_____
LAWYER FOR JUVENILE


_____
DATE

**D. Admission to an Act of Sexual Violence.** If a juvenile is making an admission to an act of sexual violence, see 42 Pa.C.S. § 6358, which may render the juvenile eligible for civil commitment for involuntary treatment upon attaining 20 years of age, then the admission colloquy form set forth in paragraph (C) shall be amended to include substantially the following form:

# ADDENDUM TO ADMISSION COLLOQUY FORM

**In re** _____ : _____**JD**_____

    **(Juvenile)**                    :

                                      :       **Delinquent Act(s):** _____

                                      :       _____

                                      :       _____

                                      :       _____

## ELIGIBILITY FOR CIVIL COMMITMENT FOR INVOLUNTARY TREATMENT

## CIVIL COMMITMENT CASES

**I did at least one of the crimes (in the box below); AND**

**If the judge says that I am a delinquent; AND**

**If I am in placement when I turn age 20,**

**I can go to a different placement against my will.**

**See 42 Pa.C.S. § 6401 _et seq_.**

## Check all that are true:

| | |
|---|---|
| ☐ **Rape, 18 Pa.C.S. § 3121** | ☐ **Sexual Assault, 18 Pa.C.S. § 3124.1** |
| ☐ **Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123** | ☐ **Indecent Assault, 18 Pa.C.S. § 3126** |
| ☐ **Aggravated Indecent Assault, 18 Pa.C.S. § 3125** | ☐ **Incest, 18 Pa.C.S. § 4302** |

1)    **If I am in placement when I am age 20, SOAB (State Sexual Offenders Assessment Board) will look at information about me to see if I have mental problems that make it hard for me to stop doing sexual crimes.** _____
      **initials**

          **See 42 Pa.C.S. § 6358.**

**2)**      **If SOAB thinks that I need treatment, the judge will have a hearing.** _____ **initials**

        *See* **42 Pa.C.S. § 6358.**

**3)**      **If the judge agrees I need treatment, I will have a second hearing.** _____ **initials**

        *See* **42 Pa.C.S. § 6358.**

**4)**      **At the hearing, the judge will decide if I have mental problems that make it likely that I will do sexual crimes again. If the judge says yes, I will go to a different placement for at least one year.** _____ **initials**

        *See* **42 Pa.C.S. §§ 6403 & 6404.**

**5)**      **The judge will look at my case each year. I will stay in that placement for as long as the judge decides that I have mental problems that make it likely that I will do sexual crimes again.** _____ **initials**

        *See* **42 Pa.C.S. § 6404.**

**6)**      **If the judge says I can leave placement, I must continue to get treatment when told for my mental problems. The judge will look at my case after one year.** _____ **initials**

        *See* **42 Pa.C.S. §§ 6404.1 & 6404.2.**

**7)**      **If the judge says I can stop getting treatment after one year, I still must talk to a counselor every month.** _____ **initials**

        *See* **42 Pa.C.S. §§ 6404.1 & 6404.2.**

**8)**      **If I do not obey these rules or the counselor says I cannot stop my bad actions, I will be sent back to placement.** _____ **initials**

        *See* **42 Pa.C.S. § 6404.2.**

**Lawyer's Representation and Opportunity to Speak with Guardian**

**9)**      **Did you talk with your lawyer before you decided to tell the judge you did the crimes (delinquent acts)? ☐ Yes ☐ No**

**10)**      **Are you okay with what your lawyer did for you?**    **☐ Yes ☐ No**

**11)**      **Did your lawyer answer all your questions?**    **☐ Yes ☐ No**

**12)** **Did you talk with your parent or guardian about saying you did the crimes?**
☐ **Yes** ☐ **No**

**If you answered no, would you like to talk with them now?** ☐ **Yes** ☐ **No**

**I have read this form or someone has read this form to me.**

**I understand the form and what I have to do.  The signature below and initials on each page of this form are mine.**


_____

**JUVENILE**


_____

**DATE**


**I, _____, lawyer for the juvenile, have reviewed this form with my client.  My client has informed me and I believe that he or she understands the rights, consequences, and dispositions outlined in this form. I have completed the foregoing sections with my client.  I have explained them.  I have no issues with my client admitting to the delinquent acts.**


_____

**LAWYER FOR JUVENILE**


_____

**DATE**


### COMMENT

Under paragraph (A)(1), the court is to determine if the admission is knowingly, intelligently, and voluntarily made by asking questions to ascertain the juvenile's ability to comprehend the written colloquy and to make an admission.

The written colloquy serves as an aid for the court in making its determination that the admission is knowingly, intelligently, and voluntarily made and it does not supplant the court's responsibility to conduct a sufficient inquiry to support its determination pursuant to paragraph (A)(1).

Nothing in this rule prohibits the judge from reviewing the entire written colloquy with the juvenile on the record or asking more questions than required under paragraph (A)(1)(c).

The admission colloquy is similar to a guilty plea colloquy in criminal court; however, the juvenile court judge has special responsibilities under the Juvenile Act in providing a balanced attention to the protection of the community, the imposition of accountability for delinquent acts committed, and the development of competencies to enable juveniles to become responsible and productive members of the community. *See* 42 Pa.C.S. § 6301.

If the court finds an admission is not knowingly, intelligently, and voluntarily made, the case is to proceed to a hearing pursuant to Rule 406. The decision whether an admission is knowingly, intelligently, and voluntarily made is not appealable to another common pleas judge; therefore, the admission may not be presented to another judge once this determination has been made.

Under paragraph (A)(3), if the disposition agreed upon by the parties is unavailable or the court does not agree with the terms of the tender, the case is to proceed as if no tender had been made.

The court is not to accept a plea of *nolo contendere. See In re B.P.Y.*, 712 A.2d 769 (Pa. Super. **[Ct.]** 1998).

If the court does not accept an agreement or finds an admission not to be knowingly, intelligently, and voluntarily made, a motion for recusal of the judge may be appropriate for the adjudicatory hearing.

Pursuant to paragraph (C), an attorney is to review the written admission colloquy with the juvenile prior to entering the courtroom. The practice in some judicial districts permitting the juvenile probation officer to review this colloquy with the juvenile is inconsistent with this rule.

**Pursuant to paragraph (D), the written admission colloquy in paragraph (C) is to be amended when the juvenile is admitting to an act that would render the juvenile eligible for court-ordered involuntary treatment upon attaining 20 years of age. *See* 42 Pa.C.S. §§ 6358, 6403. The court is to conduct a colloquy as to the potential consequences of an admission of this type using the form in paragraph (D).**

The colloquy **forms** use**[s]** several age-appropriate terms for the juvenile to understand; however, certain legal terms are contained in the form.  It is expected that attorneys will explain **[this form]** <u>these forms</u> until their clients understand.

**[Pursuant to paragraph (C)(4), the admission colloquy is]** <u>The forms used</u> <u>for admissions are</u> to be substantially in **[this]** <u>the</u> form<u>s</u> <u>found at paragraphs (C)(4)</u> <u>and (D)</u>.  The questions set forth are the minimal standard.  A judicial district may choose to add requirements to **[its]** <u>these</u> admission **[colloquy]** <u>colloquies</u>.  Any addition to the required **[colloquy]** <u>colloquies</u> is considered a local rule and the procedures of Rule 121 are to be followed if a judicial district chooses to make additions.  *See* Rule 121.

**[Nothing in this rule precludes the court from entering a consent decree after the acceptance of an admission.]**

The admission **[colloquy]** <u>colloquies</u> can be downloaded from the Supreme Court's webpage at http://www.pacourts.us/T/BoardsCommittees/JuvenileCourtProcedural/.  The **[admission]** form<u>s</u> **[is]** <u>are</u> also available in Spanish.

The Pennsylvania Juvenile Collateral Consequences checklist is also available on the Supreme Court's webpage.

<u>**Nothing in this rule precludes the court from entering a consent decree**</u> <u>**after the acceptance of an admission.**</u>

**Official Note:**  Rule 407 adopted April 1, 2005, effective October 1, 2005. Amended January 18, 2012, effective April 1, 2012.  **<u>Amended January 23, 2017,</u>** **<u>effective April 3, 2017.</u>**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 407 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the amendments to Rule 407 published with the Courts' Order at 42 Pa.B. 664 (February 4, 2012).  **<u>Final Report</u>** **<u>explaining the amendments to Rule 407 published with the Courts' Order at</u>** **<u>Pa.B.      (      , 2017).</u>**